UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSIE HUDSON and )
EDWARD HUDSON, )
        Plaintiff, )
         )    No. 1:12-cv-63
-v- )
         )    HONORABLE PAUL L. MALONEY
WALMART STORES, INC. )
        Defendants. )
_____)

## ORDER OF REMAND FOR LACK OF JURISDICTION

At the Walmart Store in Benton Harbor, Michigan, on May 7, 2010, Rosie Hudson slipped on food product, fell, and injured herself. Rosie Hudson sued Walmart in the Circuit Court for Berrien County, Michigan, alleging a claim for premise liability under Michigan common law. Edward Hudson, Rosie's husband, joined the suit alleging loss of consortium. Each plaintiff asserts that the value of his or her claim exceeds $25,000.[1] (Compl. ¶¶ 14 and 17.) Walmart Stores, Inc. ("Walmart") removed the action to this Court under 28 U.S.C. § 1332, § 1441, and § 1446. (Notice of Removal.)

### DISCUSSION

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Federal courts have an obligation to examine whether they have subject-matter jurisdiction over an action. *See Argaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S.

---

[1] The complaint is likely worded to secure subject-matter jurisdiction in a state circuit court. In Michigan, state district courts have exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000. Mich. Comp. Laws § 600.8301.

381, 389 (1998) ("No court can ignore the defect [in it's jurisdiction]; rather a court, noticing the defect, must raise the matter on its own"). When an action is removed from state court, a federal court must consider whether it has subject matter jurisdiction. *See Probus v. Charter Commc'ns, LLC*, 234 F.App'x 404, 406 (6th Cir. 2007). If a district court determines that it lacks subject-matter jurisdiction over a removed action, the action must be remanded. 28 U.S.C. § 1447(c).

Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)).

Plaintiffs' complaint asserts the genre of claim more frequently brought in state court than in federal court, commonly referenced as a state tort "slip and fall" claim. Plaintiffs claim Walmart had a duty to maintain the premises in a reasonably safe manner and to eliminate unsafe conditions. While shopping at Walmart, Rosie Hudson stepped on a meatball and/or sauce, slipped and fell, and suffered multiple injuries to her shoulder, knees, and back. Plaintiffs contend Walmart breached its duty by failing to clean the spill.

Jurisdiction is determined at the time of removal. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). Under § 1332(a), a federal court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the matter is between citizens of different states. The party seeking to remove the action to federal court has the burden of establishing that the district court has jurisdiction. *Long v. Bando Mfg. Of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) (holding defendant has the burden of establishing that

removal was proper).

A defendant may remove a civil action filed in state court to federal district court when the federal district court would have original jurisdiction. 28 U.S.C. § 1441(a). The complaint and the Notice of Removal contain assertions establishing that the parties are diverse. Rosie and Edward Hudson (collectively "Plaintiffs") reside in Michigan. Walmart is a Delaware corporation with its principal place of business in Arkansas. Walmart claims this Court has original jurisdiction over the Hudson's complaint under the diversity statute, 28 U.S.C. § 1332. Walmart asserts the amount in controversy meets the federal threshold.

> The defendant asserts that it is more likely than not that the amount in controversy exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a), if the plaintiffs prevail in their claims. This assertion is based on the plaintiffs' Complaint, which seeks total damages in excess of $50,000.00 and defense counsel's experience that damages such as those alleged by plaintiffs, assuming liability is established, will more likely than not be valued in excess of $75,000.00.

(Notice of Removal ¶ 6.)

Plaintiffs have not pled a definitive amount of damages. Rather, Plaintiffs have stated that their separate claims are each worth at least $25,000 each. So worded, the damages requested in the complaint do not preclude an amount meeting the federal threshold. "It is generally agreed in this circuit that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Williamson*, 481 F.3d at 376 (citations omitted). *But see Northrup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 770 n.1 (6th Cir. 2009) ("This Circuit has yet to decide whether we view the amount in controversy from the perspective of the plaintiff or the defendant."). As the master of the complaint, a plaintiff may plead the amount in controversy to avoid federal jurisdiction. *See Smith v. Nationwide Prop. and Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (citations omitted).

Where the complaint does not seek a specified amount of damages, the party removing the action must "show by a preponderance of the evidence that the allegations in the complaint at the time of removal satisfy the amount in controversy requirement." *Northrup Props., Inc.,* 567 F.3d at 769-70 (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). "Where the complaint fails to allege an amount in controversy, the party removing the action satisfies the requirement by showing that the amount in controversy "more likely than not" exceeds $75,000. *Gafford v. Gen. Elec. Co.*, 977 F.2d 150, 158 (6th Cir. 1993) overruled on other grounds by *Hertz Corp. v. Friend*, — U.S. —, 130 S.Ct. 1181 (2010). Furthermore, although a single plaintiff may aggregate his or her claims against a defendant to meet the amount in controversy, "the same is not true for *multiple* defendants." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 820 (6th Cir. 2006) (emphasis in original).

> The traditional judicial interpretation under all of these statutes has been from the beginning that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement. Aggregation has been permitted only (1) in cases where a single plaintiff seeks to aggregate two or more of his claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.

*Snyder v. Harris*, 394 U.S. 332, 335 (1969).

Walmart has not established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Walmart initially errs by aggregating the two claims. A premises liability claim and loss of consortium claim are not the sort of single title or common and undivided interest claim that may be aggregated. *Compare Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp.2d 557, 569 n.12 (discussing whether a negligence claim and loss of consortium claim could be aggregated and concluding that, although federal courts typically do not aggregate such claims, the answer likely depends on how the claims are characterized under state law) *with Eide v. Kelsey-Hayes Co.*, 427 N.W.2d 488, 489 (Mich. 1988) (finding that Michigan has treated a loss of consortium claim as an independent cause of action even though it is

usually considered a derivative claim); *accord Foster v. Home Depot Inc.*, No. 05-cv-1999, 2006 WL 470596, at * 1 n.2 (E.D. Pa. Feb. 24, 2006) (refusing to aggregate a husband's negligence claim and his wife's derivative loss of consortium claim); Walmart offers nothing to substantiate its assertion that either Plaintiffs' claim would meet the federal threshold. *Cf. Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (finding a lack of subject matter jurisdiction under the diversity statute where "Wal-Mart neither filed an affidavit with its Notice of Removal nor set forth any facts in controversy in that Notice; it merely alleged in a conclusional manner that the amount in controversy exceeded the jurisdictional limit.").

## CONCLUSION

Because Walmart has not established, by a preponderance of the evidence, that the amount in controversy in the complaint exceeds $75,000, this Court lacks subject-matter jurisdiction over the action. Therefore, under 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of Berrien County, Michigan. **IT IS SO ORDERED.**

Date:  January 26, 2012   /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge